# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Respondent,<br><br>    vs.<br><br><br>ADOLFO RIVERA-DURAN,<br><br>             Defendant-Petitioner. | CASE NO. 11-CR-5293<br>related CASE NO. 12-CV-2150<br><br>ORDER<br>(1) DENYING PETITIONER'S MOTION FOR TIME REDUCTION PURSUANT TO 28 U.S.C. § 2255 AND<br>(2) DENYING CERTIFICATE OF APPEALABILITY |

Petitioner Adolfo Rivera-Duran filed a motion for reduction of time pursuant to 28 U.S.C. § 2255. He seeks relief on the grounds that due to his alien status he is ineligible for a one year reduction of sentence through a drug program, an early release to a half-way house, or a Unicor job. [Pet. at 4.] Petitioner argues that the availability of these programs to United States citizens but not to aliens violates the Equal Protection Clause of the Fourteenth Amendment, deprives him of Due Process under the Fifth Amendment, and violates the Equal Rights Act of 1964.[1] [*Id.*]

## BACKGROUND

Petitioner pleaded guilty to Importation of Methamphetamine in violation of 21 U.S.C. §§ 952

---

[1] Petitioner submitted a four page Petition in which he simply lists the Constitutional clauses and states that an alien is deprived of benefits and privileges available to United States citizens. In addition, Petitioner states that he was arrested and indicted in September of 2011. A review of the record indicates that he was indicted on November 18, 2011. [Doc. 1.]

& 960, which carries a maximum sentence of up to life in prison and a mandatory minimum sentence of 10 years in prison. [Doc. 18.]

**DISCUSSION**

Section 2255(a) authorizes a district court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or a laws of the United States." The Rules governing § 2255 require dismissal of a motion under that section if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2255. When the record clearly indicates that a petitioner does not have a claim or that he has asserted no more than conclusory allegations unsupported by facts and refuted by the record, a district court may deny a motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). For the following reasons, the Court will deny Petitioner's motion.

First, in order to state a Due Process claim, Petitioner must demonstrate that he had a liberty or property interest that was infringed. Prisoners do not have a liberty interest in discretionary sentence reduction nor does denial of a sentence reduction impose atypical and significant hardship on an inmate in relation to ordinary incidents of prison life. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999)[2] (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Thus, Bureau of Prisons ("BOP") rules excluding prisoners with Immigration and Naturalization Service ("INS") detainers from sentence reduction through participation in community based treatment programs do not deprive alien prisoners of due process.[3] *Id.* Hence, Petitioner's ineligibility for a reduced sentence though admission to a half-way house is not a ground for relief under § 2255.

Similarly, the denial of certain benefits to alien prisoners does not violate the Equal Protection Clause or the Equal Rights Act of 1964. Petitioner has not cited the particular programs to which he

---

[2] *Crabtree* analyzed the constitutionality of 18 U.S.C. § 3621, which provides for discretionary sentence reduction of up to one year for certain prisoners who successfully complete a treatment program, in conjunction with Bureau of Prisons Regulations which exclude aliens with INS detainers from participation in residential treatment programs.

[3] Petitioner has not alleged that he has an INS detainer. However, because he is an alien and drug trafficking offenses are grounds for deportation, the Court assumes Petitioner is subject to an INS detainer. *See* 8 U.S.C. 1227 (2)(B)(i).

claims to have been denied access. Rather he states that a citizen is "entitled to different privileges due to his or her origin like one year reduction of sentence through a drug program three months half-way house to prepare to re-assimilate, a Unicor job, with good wages and other benefits [sic]." "[P]risoners with detainers" is not a suspect class, however. *Crabtree,* 173 F.3d at 1186. Therefore, excluding prisoners from certain programs based on their deportable status is subject only to the rational basis test and its presumption of validity. *Id.* Because the BOP has a valid concern that prisoners with detainers pose a flight risk during community based treatment programs, excluding such prisoners does not violate the Equal Protection clause. *Id.* Likewise, Petitioner, due to his status as a deportable alien, would pose a potential flight risk and can be excluded from various programs and benefits on that basis. As to his contention that he has been denied a Unicor job, "'[i]t is not an equal protection violation to allow United States citizen-inmates, who must re-enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable inmates.'" *Patterson-Romo v. United States* 2012 WL 2060872 at *3 (denying an identical petition) (quoting *Rendon-Inzunza v. United States*, 2010 WL 3076271, at *1.)

## CONCLUSION

For the foregoing reasons, Petitioner's motion for sentence reduction under 28 U.S.C. § 2255 is DENIED. Because Petitioner has not made a "substantial showing of the denial of a constitutional right this Court also DENIES a certificate of appealability. *See* 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

DATED: September 17, 2012

_____
M. James Lorenz
United States District Court Judge